UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-P830-H
CRIMINAL ACTION NO. 3:03CR-61-H

JOSEPH STEVEN CLARK                                                         MOVANT/DEFENDANT

V.

UNITED STATES OF AMERICA                                                 RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

Movant, Joseph Steven Clark, has moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He alleges that the United States breached the plea agreement by recommending a sentence of 140 months, and that his attorney rendered ineffective assistance of counsel by failing to object to the sentencing recommendation made by the Assistant United States Attorney. The United States has moved to dismiss.

I.

On January 8, 2003, a federal grand jury in the Western District of Kentucky returned an indictment charging the Movant, Joseph Steven Clark, and others, with conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. The duration of the conspiracy was from July 23, 2002, to December 3, 2002. Two superseding indictments followed.

On October 24, 2004, Clark entered a guilty plea to Count 1 of the Second Superseding Indictment, pursuant to a written Rule 11(c)(1)(B) plea agreement. Paragraph 10 of the plea

agreement states that at the time of sentencing the United States would recommend a sentence of imprisonment at the lowest level of the applicable guideline range, but not less than any mandatory minimum term of imprisonment required by law. Paragraph 11 of the plea agreement states the conclusion of the parties that the net total offense level would be 29, and that the applicable offense level would be determined pursuant to a "Pre-sentence Report prepared by the U.S. Probation office."

Paragraph 13 of the plea agreement provides that Defendant "knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise." Paragraph 16 of the plea agreement provides that the parties understand that the sentencing recommendations to be made by the United States, as set forth in the plea agreement, are not binding on the Court, and that Defendant could not withdraw his guilty plea if the Court did not accept the sentencing recommendations. The Court discussed each of these matters with Defendant at the time of his plea.

The presentence investigation report, as revised, was filed on January 12, 2005. It recommended a total offense level of 29, which is consistent with the plea agreement. It reported that Clark had criminal history category of V. The plea agreement provided (¶ 11) that the criminal history would be determined by the Court upon completion of the presentence investigation report.

The presentence investigation report stated that the guideline range for an offense level 29, criminal history category V, is 140 to 175 months. Clark did not object to the presentence

investigation report.

The Court conducted the sentencing hearing on January 31, 2005.  Clark's counsel, Tom Hectus, requested a continuance in order to allow time for the Marion Circuit Court to rule on his motion to vacate a prior conviction on constitutional grounds.  The conviction in question is reported as paragraph 85 of the presentence investigation report and had resulted in the addition of two points to the criminal history score.  Mr. Hectus argued that the sentencing should be continued until Marion Circuit Court ruled on his motion, because, in his opinion, if the conviction were vacated, Clark's criminal history category wold be IV instead of V, and consequently the low end of the applicable guideline range would be 121 months instead of 140. The United States, through Assistant United States Attorney John Caudill, objected to the requested continuance and argued for imposition of a sentence of 140 months, in accordance with the plea agreement, which was the lowest end of the applicable guideline range according to the presentence investigation report, to which Defendant had not objected.

The Court determined that the offense level was 29, that the criminal history category was IV; and that the applicable guideline range was 121-151 months.  The Court did not sentence in accordance with the sentencing recommendations contained in the plea agreement, however, and imposed a sentence of 140 months imprisonment, to be followed by five years supervised release.  The Court recognized on the record that the sentence was not consistent with the government's agreement to recommend a sentence at the lowest end of the applicable guideline range, but found the sentence to be reasonable nonetheless, since it furthered the sentencing objectives set forth in 18 U.S.C. § 3553 and was within the applicable guideline range for offense level 29, criminal history category IV.

Clark did not object or appeal. He filed his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. 2255 on December 29, 2005.

II.

Paragraph 13 of the plea agreement provides that Clark "knowingly and voluntarily waives the right . . . to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise." Clark signed the agreement. In the Sixth Circuit, when a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bringing a claim, even one asserting ineffective assistance of counsel, based on 28 U.S.C. § 2255. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

Apart from the express waiver in the plea agreement, by failing to raise the issue at sentencing or on appeal, Clark also waived his right to raise in a 2255 motion the issue of whether the United States had breached the plea agreement. Under such circumstances, in order to avoid dismissal of his motion due to his waiver, he is required to demonstrate cause and prejudice to excuse the double default. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *United States v. Frady*, 456 U.S. 152, 167 (1982); *Murr v. United States*, 200 F.3d 895, 899-900 (6th Cir. 2000). He has not done so.

III.

In the plea agreement, the United States agreed to recommend a sentence of imprisonment at the lowest level of the applicable guideline range, as determined by the presentence investigation report. The presentence investigation report found the lowest end of the applicable guideline range to be 140 months, and that is the sentence that the United States

4

recommended. There was no breach of the plea agreement.

Clark's counsel raised an issue at sentencing regarding the conviction noted in paragraph 85 of the presentence investigation report. He stated that he had filed a motion in state court to vacate the conviction, but that the state court had not yet ruled on his motion. He requested that the sentencing be postponed until the state court had ruled on his motion. It is clear that as of January 31, 2005, the date of Clark's sentencing in federal court, the state court conviction noted at paragraph 85 of the presentence investigation report had not been vacated or expunged, and was properly counted in the criminal history category computation.

Rather than delay the proceedings by granting an open-ended continuance until such time as the state court might rule on the motion by Clark's counsel to vacate the conviction at issue, the Court gave Clark the benefit of the doubt, and found that the criminal history category was IV instead of V, which resulted in a guideline range of 121-151 months. But the Court decided not to accept the plea agreement's recommended sentence at the lowest end of the applicable guideline range, and instead decided to impose a sentence of 140 months, which is within the guideline range. A sentence which is within a properly calculated guideline range is presumed to be reasonable. *United States v. Williams*, No. 05-5416, decided and filed January 31, 2006.

The Court is not bound by the plea agreement. The plea agreement itself makes this clear. Paragraph 16 expressly provides that: "It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and Defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement." The United States did not breach the agreement to

5

recommend a sentence at the lowest end of the applicable guideline range, but merely argued that the applicable guideline range should be 140-175 months rather than 121-151 months.

Clark places great reliance on *United States v. Barnes*, 278 F.3d 644 (6th Cir. 2002), but that case is factually distinguishable. In *Barnes*, the prosecutor made no recommendation at all, failing to state any recommendation on the record, and the issue was whether a reviewing court could find this to be plain error. In the instant case, the Court and counsel understood that the sentencing recommendation was for a sentence at the lowest end of the applicable guideline range, but disagreed about what the lowest end should be. After considering the arguments of counsel, the Court determined that the lowest end was 121 months, but decided to impose a sentence near the mid-range, at 140 months, rather than at the lowest end. The Court's decision was reasonable and lawful.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Movant's motion to vacate pursuant to 28 U.S.C. § 2255 is DENIED and this case is DISMISSED WITH PREJUDICE.

This is a final order.

cc: James Steven Clark, *Pro Se*
United States Attorney